OPINION
Appellant Lee Huntsman appeals the directed verdict and jury verdict on the claims of adverse possession granted in favor of Appellee Ralph Mercer, from the Stark County Court of Common Pleas. The following facts give rise to this appeal. In 1969, appellant and his wife, Antji, purchased their house and lot, in the Perry Heights Allotment of Perry Township, in Stark County, Ohio. Appellant moved onto his property that year and began to use his land and the surrounding land in subsequent years. Appellant claims to have cleared the lots surrounding his lot, put in gardens, mowed grass, buried a dog, and put in a septic system. At some point between 1980 and 1983, appellant began to use some of the land as a farm for exotic animals. Appellant asserts that he cut down areas for the family's dogs, as well as to store things on. Appellant and his family have continued to use the land for more than twenty-one years and contends that the use was open and exclusive. Appellee owns lot numbers 260, 261, 262, 264, 271, 272, 273, 314, 315, and 316. Brian Lowery, a defendant at trial, owns lot number 269. On April 13, 1998, appellant filed an action for adverse possession of these lots in Stark County Common Pleas Court. This matter proceeded to trial on May 12, 1999. The trial court granted appellee's motion for a directed verdict as to lots 260, 261, 262, 272, 273, and 314. The court denied appellee's motion for a directed verdict as to the remaining lots in dispute, 264, 269, 271, 315, and 316. On May 14, 1999, the jury ruled in favor of appellee for these lots. Following the jury's verdict, the trial court ordered appellant to vacate lot numbers 264, 269, 271, 315, and 316, and that such lots shall be returned to the same natural condition as the surrounding area. The trial court also ordered appellant to bear the cost of reclamation, to be completed by September 30, 1999. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration.
 I. THE COURT ERRED IN GRANTING A DIRECTED VERDICT FOR DEFENDANTS AS TO LOTS LOCATED IN THE PERRY HEIGHTS ALLOTMENT, PERRY TOWNSHIP, STARK COUNTY, OHIO: 260, 261, 262, 272, 273 AND 314.
 II. THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL AS TO LOTS 264, 271, 315 AND 316 ALL BEING LOCATED IN THE PERRY HEIGHTS ALLOTMENT, PERRY TOWNSHIP, STARK COUNTY, OHIO.
 III. THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL AS TO LOT 269 BEING LOCATED IN THE PERRY HEIGHTS ALLOTMENT, PERRY TOWNSHIP, STARK COUNTY, OHIO.
 I.
Appellant contends, in his First Assignment of Error, that the trial court erred as a matter of law in granting appellee's motion for a directed verdict and not finding that appellant's possession constituted adverse possession as to lot numbers 260, 261, 262, 272, 273 and 314. We disagree. At the close of appellant's evidence, appellee moved for a directed verdict. The trial court granted appellee's motion as to lot numbers 260, 261, 262, 272, 273 and 314. A directed verdict can only be granted when reasonable minds can come to but one conclusion that the moving party did not meet its burden of proof. Civ.R. 50(A)(4) addresses when a directed verdict may be granted on the evidence and provides: When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
The trial court made the determination that reasonable minds could only come to the conclusion, upon the evidence submitted, that the moving party did not meet its burden of proof. When claiming title to real property by adverse possession, the claimant must demonstrate actual, open and notorious possession for a period of twenty-one years, which possession is hostile, continuous and exclusive and shown by unequivocal, overt acts "which clearly indicate an assertion of ownership of the premises to the exclusion of the rights of the real owner." McAllister v. Hartzell (1899), 60 Ohio St. 69, 53. The Ohio Supreme Court has stated that "[i]t is the visible and adverse possession with an intent to possess that constitutes [the occupancy's] adverse character," Humphries v. Huffman (1878), 33 Ohio St. 395, 402, and that "[t]he occupancy must be such as to give notice to the real owner of the extent of the adverse claim." Id. at 404, citing Grace v. Koch (1998), 81 Ohio St.3d 577, 581. These elements required for adverse possession must be established by clear and convincing evidence. Grace, 81 Ohio St.3d at 580. There is no question that appellant used the lots in question. He cleared the land, mowed the grass, parked on it, and buried a pet dog. Appellant did not have the land surveyed prior to its use and during the trial, he could not point out, with any degree of certainty, that he knew exactly which lots belonged to appellee. In addition, witnesses were unable to support appellant's claim for adverse possession. When questioned, several witnesses could not clearly state exactly which lots of appellee's appellant had used. In fact, no witnesses were able to state, with any particularity, which lots were used by appellant. Even appellant's mother was confused about which lots were used by appellant. During her testimony, she stated that she had no idea which lots were in dispute. Tr. Vol. I at 184. The record also does not contain clear and convincing evidence that appellee was on notice that his land had been invaded in 1969. Appellant did not present any evidence of overt acts that would clearly indicate his assertion of ownership of the premises to the exclusion of the rights of appellee. Absent clear and convincing evidence of the adversity of appellant's claim to lot numbers 260, 261, 262, 272, 273 and 314 for the entire statutory period, adverse possession must fail. Appellant did not prove that his use of the land was sufficiently exclusive, hostile, or notorious for the required twenty-one years to take title to the lots by adverse possession. Thus, the trial court properly granted a directed verdict as to these lots. Appellant's First Assignment of Error is overruled.
 II.
Appellant contends, in his Second Assignment of Error, that the jury's verdict is against the manifest weight of the evidence presented at trial as to lot numbers 264, 271, 315 and 316. We disagree. We are not the fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. The jury, after hearing appellant's evidence, found that appellant did not adversely possess lot numbers 264, 269, 271, 315, and 316. The testimony of appellant and his witnesses posed legitimate questions as to when the lots were being used by the appellant, and which lots were being used for what purposes. As mentioned above, appellant occasionally played and worked on appellee's land prior to twenty-one years before this lawsuit. As required for adverse possession, however, appellant did not use the land for any substantial use until approximately 1983, according to the testimony of Cynthia Huntsman, appellant's current wife. Ms. Huntsman testified that she did not move onto the land until 1983, and she was the one who started the exotic animal farm. Tr. Vol. II at 304. Clearly, the land was not substantially used on or before April 13, 1977, twenty-one years before appellant filed his claim for adverse possession. Appellant may have lived on his own land for over twenty-one years, but he did not establish that the disputed land was used for the statutory amount of time. We find that the jury's verdict was supported by competent, credible evidence. Appellant's Second Assignment of Error is overruled.
 III.
Appellant contends, in his Third Assignment of Error, that the jury's verdict is against the manifest weight of the evidence presented at trial as to lot number 269. At oral argument, the parties represented to the court that the controversy surrounding lot number 269 has been settled. Therefore, we will not address the merits of appellant's Third Assignment of Error. Appellant's Third Assignment of Error is overruled as moot.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
 _____________________ Wise, J.
By: Farmer, P.J., and Edwards, J., concur.